FRISSELL, Appellant, *vs.* ROZIER, Respondent.

1. Husband and wife cannot release to each other their respective interests in land by deed of partition.

*Appeal from Perry Circuit Court.*

*M. Frissell,* in person.
*G. E. Young,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

This was an action against the defendant, Rozier, in the nature of an ejectment, to recover possession of one undivided sixteenth of a tract of land, being lot numbered five in the partition deed herein afterwards mentioned, claimed by the plaintiff, Frissell, under one of the heirs of Marie Pratte, the wife of Joseph Pratte, formerly Marie Valle.

The marriage contract involved in this case is the same that was considered in the case of *Wilkinson et al.,* v. *Rozier,* decided at the present term. So far as the law arising from that contract is involved in the present suit, it must be regarded as settled. The only remaining point grows out of the deed of partition, made by the heirs of Francis Valle, on the 6th May, 1839. To state the matter succinctly, and in a way to be comprehended, Joseph Pratte had in his own right a share in the league square, descending from Francis Valle, sr., to his heirs. This share, by agreement among the heirs, was set apart and assigned to those under whom Joseph Pratte claims. Marie Valle, afterwards Marie Pratte, was not a party to this agreement. Marie Pratte had a share in the league square in her own right, as the heir of Francis Valle, sr. This share was set apart and designated. By a deed of partition, all who were interested in the league square made partition, and mutually released to each other. Now Joseph Pratte, who was a party to the deed of partition, and who claimed lot num-

ber five, in his own right, derived from one of the heirs of Francis Valle; and Marie Pratte, his wife, was a party claiming lot number four as one of the heirs of Francis Valle in her own right, and was a party to the deed of partition. Now the question is, whether Joseph Pratte and Marie, his wife, could mutually release to each other their respective interests in lots numbered four and five, by the deed of partition, which was executed between them and the other parties in interest. According to the principles of our law, this could not be done. The legal unity of husband and wife prevents this. This is a rule of law which, however technical, this court does not feel at liberty to overthrow. 1 Coke, 130. Reeves' Domestic Rel. 90. B. Mon. 545. There was no partition then between Pratte and his wife as to lots numbered four and five. Mrs. Pratte had one undivided half in each of those lots. This was paraphernal property, at least it did not go into the community created by the marriage contract. The title was in her, and on her death it descended to her heirs.

The other judges concurring, the judgment is reversed, and the cause remanded.