W. W. PAUL, Respondent, *vs.* M. S. LEAVITT, Appellant.

53 | 595
39a | 244
53 | 595
104 | 328

1. *Witnesses—Competency of husband when joined with wife.*—Where husband and wife are joined as parties, the testimony of the husband is inadmissible. Sections 1 and 5 of the Witness Act (W. S., 1372-3) do not render him competent.

2. *Married woman—Estate of—Deed vesting title in her—Separate estate created how—Parol evidence as to deed.*—A deed to a married woman merely vesting in her a title in fee, but containing no provisions excluding the marital rights of the husband, will not create in her a separate estate which can be charged for her debts. And in suit for that purpose, testimony, showing, that the money of the wife paid for the lands; that the deeds were taken in her name in consequence; that her husband always acted as her agent in buying and selling lands, etc., would be incompetent, as having the effect of varying the terms of the deed by parol testimony.

*Appeal from Audrain Circuit Court.*

*Forrist & Ladd,* for Appellant.

I. Frank A. Leavitt was disqualified and incompetent as a witness as against Mary S. Leavitt, his wife and co-defendant. (1 Greenl. Ev., § 334; 1 Phillip's Ev., 77; W. S., 1372; Fugate vs. Pierce, 49 Mo., 441.)

II. The parol evidence, as given by the witness Leavitt, was incompetent either to effect the deeds to Mrs. Leavitt offered in evidence, (Kimm vs. Weippert, 46 Mo., 532; 1 Greenl. Ev., §§ 275-277; 1 Phillip's Ev., 547-8,) or, to alienate or destroy the marital rights of her husband in the lands of Mrs. Leavitt described in the petition. (Schafroth vs. Ambs, 46 Mo., 580.)

III. The estate of Mrs. Leavitt in the lands described in the petition was purely legal, and one to which the marital rights of her husband had become attached and vested, and hence, said lands could not be subjected to the payment of her debts as her separate property. (Schafroth vs. Ambs, 46 Mo., 114; Bauer vs. Bauer, 40 Mo., 61; 2 Story's Eq., 1381.)

*S. M. Edwards, with A. Binswanger,* for Respondent.

I. The Circuit Court committed no error in admitting the testimony of F. A. Leavitt, the husband. The common law has been repealed by statute. All persons may now testify except those specially named in § 8. (W. S., 1374.)

II. This witness was the agent of his wife in this and all

other business transactions. Under similar circumstances she would be permitted to testify for or against him. (W. S., 1373, §.5; Hardy vs. Mathews, 42 Mo., 406.) The causes at common law for the exclusion of husband and wife are identical.

III. No particular words are necessary to create a separate estate. It is the intention rather than the language. (Story's Eq., § 1380; Boal vs. Morgner, 46 Mo., 48.)

IV. If the husband, as agent, had bought the land with the separate funds of the wife, and taken the title directly himself, it would be held and treated as her separate property. Much more if he took unintentionally so as to vest in him a marital interest. (Tennison vs. Tennison, 46 Mo., 77; Shafroth vs. Ambs, *Id.*, 114.) Even if the husband here had a marital interest, which is denied, equity to prevent fraud will subject her interest to the payment of her debt. (Pemberton vs. Johnson, 46 Mo., 342.)

WAGNER, Judge, delivered the opinion of the court.

The petition alleges that defendants, Frank and Mary S. Leavitt, are husband and wife, and that the said Mary made and executed her promissory note to the plaintiff, and that for the payment of the same she charged her separate property. There was a prayer for judgment against her alone, and that her separate estate might be subjected to the payment of the note. The defendant, Mary S., filed her separate answer to the petition, in which she denied the averments, that she had or possessed any separate property.

Upon this single issue, as to whether defendant had any separate estate, the trial was had.

For the purpose of maintaining the allegations of the petition, the plaintiff introduced several deeds of general warranty conveying certain real property to the defendant, Mary S., by a fee simple title. He then called as a witness, and had sworn, the co-defendant, Frank, who testified that the money of his wife paid for the lands, and that the deeds were taken in her name in consequence thereof; that he had acted as her

agent in buying and selling lands, and that when he sold her lands he used the same money in buying others, and that the title was always taken in her name. The defendant objected to this witness, on the ground that he was disqualified; and also objected to the evidence, because it was not permissible by oral testimony to alter the character and effect of the deeds. But the court overruled both of these objections, and exceptions were duly taken and saved to its rulings.

This was all the evidence in the case, and the court found for the plaintiff, and awarded a special execution against the lands of the female defendant.

We will first notice the question raised in regard to the admissibility of the evidence of the husband, who was made a co-defendant.

No rule was better settled at common law than that husband and wife could not be permitted to give evidence either for or against each other. Whatever modification there is in that rule is made by the statutes. Where the statute has made no innovation on the rules of evidence as they previously existed, they remain the same as they were. The exceptional cases, in relation to the removal of the disability of the wife to testify where her husband is a party, are contained in the fifth section of the Witness Act. That section provides, that, the wife shall not be disqualified in certain specified instances where the husband is a party to the suit, but there is nothing said in reference to the husband being permitted to testify either for or against the wife.

By the first section, where the husband and wife are adverse parties to the action, they may give evidence in the case in their own behalf in the same manner as other parties (Moore vs. Moore, 51 Mo., 118.)

But these sections afford no warrant for the course pursued in this case, and I do not think that the statute, by the most liberal interpretation, can be construed to permit it. Aside from the disqualification of the witness, his evidence was clearly illegal. The deeds were definite and unambiguous,

and had a settled legal construction, and it was not competent to vary their effect or alter their meaning by parol testimony.

The court evidently erred in finding that the defendant, Mary S——, was possessed of a separate estate. The property was conveyed to her by deeds of general warranty, in the usual and ordinary form. They vested in her a title in fee, and that was all. The husband clearly had a marital interest in the property, and therefore there could be no separate estate. It is true, the current of authorities now is, that no special or technical words are required to create a separate estate in a married woman. Any provision that negatives or excludes the marital rights of the husband, while giving the property to the use of the wife, will be held to create such estate. But the instrument conveying the property must indicate such an intent. In the present case there is an absolute absence of anything tending to show that a separate estate was intended. As the deeds simply conveyed the property in fee, no separate estate was thereby created.

It follows that the judgment must be reversed and the cause remanded. The other Judges concur, except Sherwood, J., who is absent.