ELISE AND NICHOLAS HAERLE v. KREIHN, APPELLANT.

1. **Husband and Wife:** WITNESS. A husband is not a competent witness in a suit to which his wife is a party, unless he has a substantial interest in the controversy, or acted as her agent in the transaction which is the foundation of the suit.

2. **Case Adjudged:** In a suit by a married woman and her husband to redeem land from a mortgage, it appeared that, the husband having bought the land and being unable to finish paying for it, defendant had completed the payments for him, and had received a conveyance from him and his vendor, to be held as security for the money advanced, and had gone into possession of the premises; that subsequently the husband's interest in the land, having been sold under execution, had been acquired by his wife, and that the land was worth much more than the amount remaining due to defendant on account of his advances; *Held*, that the husband, though joined with his wife as a party plaintiff, in obedience to the statute, had no substantial interest in the controversy, and is not a competent witness.

*Appeal from Lafayette County Circuit Court.*—HON. WM. T. WOOD, Judge.

*Geo. S. Rathbun* for appellant cited *Tingley v. Cowgill,* 48 Mo. 291; *Fugate v. Pierce,* 49 Mo. 441; *Moore v. Moore,* 51 Mo. 118.

*Wallace & Chiles* for respondent.

Harmony in the domestic relation of marriage does not require that the husband be prevented from testifying in

favor of his wife. See also *Buck v. Ashbrook,* 51 Mo. 539 ; *Chesley v. Chesley,* 54 Mo. 347 ; *Freeman v. Freeman,* 9 Mo. 763 ; *Hamilton v. Bishop,* 8 Yerg. 33 ; *Evers v. Life Association,* 59 Mo. 429 ; *State v. Newberry,* 43 Mo. 429.

HENRY, J.—This was a suit in the circuit court of Lafayette county, in which plaintiffs sought to redeem lot No. 97, and twenty feet off of the west half of lot No. 92, in the old town of Lexington. They state in their petition that on the 23rd day of September, 1867, they were, and still are, husband and wife, and that said Nicholas on that day purchased of Burton A. James and wife the above described premises, at the price of $1,800, of which he then paid $500, and for the balance executed his notes, one for $600, and the other for $700, payable respectively in one and two years thereafter ; that he paid off the first note, and when the second became due, James urging payment, and said Nicholas being unable to raise the money otherwise, applied to defendant, who lent him the money on condition that Nicholas and James and wife would execute to him a deed for the premises ; that this agreement was made, and the bond for a title executed to Nicholas by said James and wife was delivered to defendant, and on the 2nd day of October, 1869, said Nicholas and James and wife executed and delivered to defendant a deed for said lots, as security for the money to be advanced by defendant ; that on the same day, in pursuance of this arrangement, defendant paid to said James $800 in full of the principal and interest of said $700 note, and Nicholas then executed his note to said defendant for that amount, payable with ten per cent. interest twelve months thereafter ; that said premises were conveyed to said defendant as security for the payment of the note, and it was so understood and agreed between the parties ; that afterwards, on several executions issued on judgments against said Nicholas, his equity of redemption in the premises was sold, and at the sale,

Henry Wallace and Stephen G. Wentworth purchased it, and before the commencement of this suit sold and conveyed their interest to Elise Haerle, for her sole and separate use ; that defendant has been in possession of said premises since February, 1873, renting it out, and has received several hundred dollars for rent; that said Nicholas has paid defendant on said note divers sums of money prior to 25th October, 1870, amounting in the aggregate to $600, and that at the commencement of this suit there remained unpaid of said note but about $150; that defendant is claiming the property as his own, denying that the plaintiffs have any right, etc., and ask that defendant be compelled to account, etc., and that Elise be allowed to redeem.

Defendant, in his answer, denies that he took the conveyance as a security for said money so advanced by him, and alleges that he purchased the property " under an agreement with said Nicholas that defendant should purchase, and that Nicholas should have the privilege of repurchasing the property by paying said debt (which he alleged was $900, instead of $800), and the interest and any accruing and subsequent indebtedness arising upon the part of said Nicholas, and due and owing from him to defendant on account of said property for taxes, insurance, etc.," and denies that it was taken only as a security for said money ; denies that Nicholas executed to him a note for the money paid by defendant to said James; denies the payments alleged in said petition as having been made on said note; admits that he has received $370 for rent of said property, and denies that he has received any more, and claims for taxes and insurance paid by him, and repairs made on said property, several hundred dollars ; states his willingness to convey the premises to plaintiff on repayment to him of said debt, interest, taxes, etc., aggregating, as he claims, $1,600. The court found for plaintiff, and from its decree the defendant has appealed to this court.

On the trial, Nicholas Haerle was introduced as a wit-

ness, and defendant objected to his testifying, claiming that he was incompetent, because the husband of his co-plaintiff and only a nominal party to the suit. This witness, against objection of defendant, was permitted to testify that the money with which he made the cash payment, and the payment on the first note to James, was the money of his wife, and furnished by her for that purpose, the purchase having been made for her in the first instance. These are the principal alleged errors, and to them we shall confine our observations, because, having examined the evidence, we are not prepared to say that the court erred in the finding, if the evidence was properly admitted.

In a suit by husband and wife, if either is but a nominal party, only the other can testify, unless the nominal party were the agent of the other in the transaction. The first section of the act in relation to witnesses does not permit every party to the record to be a witness. At common law no one interested in the event of the suit could be a witness. The first section of chapter 146 Wag. Stat. 1372, removes that disqualification. By the common law no party to a suit could be a witness, but by this section of our statute the mere fact that one is a party to the record does not disqualify, if the person be otherwise qualified. In addition to the disqualification just alluded to, husband and wife were not permitted to testify for or against each other; first, because their interest was one, and, second, on grounds of public policy, to prevent the harmony of the relation from being interrupted; and that disqualification still exists, unless the statute has removed it also. Sec. 5, page 173 Wag. Stat., specifies the cases in which the wife may testify, whether joined with her husband or not, but makes no exceptions in regard to the husband, and if but a nominal party to a suit prosecuted for her benefit he was not a competent witness, but by the act of 1875 the husband is permitted to testify when he was the agent of the wife in the transaction which is the foundation of the suit. In *Owen v.*

1. HUSBAND AND WIFE: witness.

*Brockschmidt*, 54 Mo. 288, where husband and wife were plaintiffs, the competency of the wife as a witness was placed upon the ground that she was the real party in interest. *Paul v. Leavith*, 53 Mo. 595. In *Harriman v. Stone*, 59 Mo. 95, on the question of the competency of the wife as a witness, *Owen v. Brockschmidt* was followed, and the same reason given for holding her competent. In *Cooper v. Ord*, 60 Mo. 420, the husband was allowed to testify expressly because he was not a mere nominal party, but had a substantial interest.

What interest has Nicholas Haerle in this controversy? His equity of redemption had been sold on execution, and 2. CASE ADJUDGED. if any other person than his wife had purchased he would not have been a necessary party to a suit by the purchaser against the defendant to redeem, and he is only a party to the present suit because his wife is not permitted to sue alone. The purchaser bought the equity of redemption and must pay whatever is due defendant on the transaction in order to redeem the premises, and will have no recourse on Nicholas Haerle for the amount he may have to pay for that purpose. On the other hand the plaintiffs in their petition state, and the evidence clearly establishes, that the property is ample security for the debt. They also allege that but $150 was owing to the defendant when this suit was instituted, and they state and the court finds that the monthly value of the rents is $15. The court below found, however, that the amount due defendant on the settlement was $691.82, and the property, according to the evidence preserved, is worth $1,600 or $1,800. In no view that can be taken of the case has Nicholas Haerle any substantial interest in the controversy. The purchaser of the equity of redemption is here seeking to redeem, anxious to pay what Nicholas owes to defendant, and the legal or equitable interest of Nicholas Haerle is absolutely nothing. If the conveyance to defendant was a mortgage, the purchaser of the equity of redemption must pay off the mortgage debt; if it was not a mortgage,

but a conditional sale, as alleged by defendant, it is already paid off.

Nor was he a competent witness on the ground of agency. The petition alleges that he purchased the property from James, and nowhere alleges or intimates that in that transaction he was the agent of his wife, nor does the petition disclose that the wife had any interest, until after the sale of the equity of redemption on execution.

The evidence to prove that the lots were purchased of James for Elise Haerle, and that it was her money with which the cash payment and the payment of the first note to James were made, was inadmissible, and the court erred in receiving it. No such issue was made by the pleading, and the issues made by the pleadings and no other should be tried. This, however, is not such an error as would justify a reversal of the judgment, because the right of Mrs. Haerle to the equity of redemption was clearly established by the conveyance from Wallace and Wentworth, and it made no difference whether her money was used in the purchase from James or not.

For the error committed in admitting Nicholas Haerle as a witness for plaintiff the judgment is reversed and the the cause remanded. All concur, except Norton, J., not sitting.

REVERSED.