WOOD et al., Appellants, v. BROADLEY.

1. **A Gift by Husband to Wife** will not be held void because it embraces all the property of the grantor; at least, not unless it is shown to be more than a reasonable provision for her.

2. **Recitals in Deed:** ESTOPPEL. A grantee is not estopped by a recital in his deed from showing the real consideration upon which it was executed.

3. **Husband and Wife:** WITNESS. Where a married woman, claiming as heir of her deceased father, in conjunction with her husband sued to set aside a deed executed by the father, on the ground of undue influence and mental incapacity: *Held*, that the husband had no such interest as made him a competent witness in the case. The wife never having been seized of the land conveyed by the deed, he could not be tenant by the curtesy initiate. Distinguishing *Steffen v. Bauer*, 70 Mo. 399.

*Appeal from Ralls Circuit Court.* — HON. JOHN T. REDD, Judge.

AFFIRMED.

*Thomas H. Bacon* for appellants.

1. John O. Wood was a necessary party co-plaintiff, (*Edmonson v. Phillips*, 73 Mo. 60,) and as such party he was a competent witness. *Steffen v. Bauer*, 70 Mo. 399, p. 404. He had a substantial interest as a party litigating for a tenancy by the curtesy initiate, (*Haerle v. Kreihn*, 65 Mo. 202; *Joice v. Branson*, 73 Mo. 28,) and the court erred in excluding him from the witness stand. *Fugate v. Pierce*, 49 Mo. 441.

2. At law a husband's deed or gift to his wife is void, (*Frissell v. Rozier*, 19 Mo. 448; 1 Washb. Real Prop., (4 Ed.) 333; 1 Bish. Marr. Wom., (1 Ed.) p. 604, § 35; Wm.'s Real Prop., (3 Am. Ed.) p. 322, side 208,) and it is sustained only in equity, but equity will sustain such gift only to the extent of a reasonable provision for the wife, (*Beard v. Beard*, 3 Atk. 72,) and equity will not sustain a husband's gift of all his property to his wife, but will hold such deed inoperative. 2 Story Eq., (8 Am. Ed.) § 1374.

3. The grantor was what is known as a feeble-minded person. *Bennet v. Vade*, 2 Atk. 324; Bigelow on Estoppel, 284. As to plaintiffs, the execution of the deeds was conducted with strategic secrecy. *Rider v. Miller*, 86 N. Y. 510, 511. The grantor shortly afterward, unconscious that he had conveyed it, discoursed about the property as then and to continue his own. *Rider v. Miller, supra.* The declarations of the grantor pending the previous five years imported no intention of bestowing all upon his wife, and under these circumstances with the testimony of domestics, (*Haydock v. Haydock*, 33 N. J. Eq. 494,) proving the absolute control maintained by the wife, such as that exercised by a nurse over a child; (Lord Hardwicke in *Bennet v.*

*Vade,* 2 Atk. 326 ;) the grantee's contrivance in repressing parental association, (*Boyse v. Rossborough,* 6 H. L. Ca. 2., pp. 48, 49 ;) her numerous assertions that the plaintiff should not have any of the property, (*Boyse v. Rossborough, supra ;*) her extreme hostility to plaintiff contrasted with the grantor's sustained instances of affection for his daughter, and the grantee's announcement to the grantor " that she would and was determined to have the property deeded to her;" (6 H. L. Ca., *supra,* p. 51 ;) the wife's undue influence may be inferred from the nature of the transaction alone, (*Drake's Appeal,* 45 Conn. 12,) and the deed must be held the product of undue influence on the part of the grantee, although no obvious deception or coercion was used at the time of the grant.    *Taylor v. Wilburn,* 20 Mo. 306.

4.    The recital of only a valuable consideration estops the grantee from setting up or availing herself of the consideration of love and affection in support of a deed to her, impeached for her alleged undue influence.    (*Clarkson v. Hanway,* 2 P. Wms. 203 ; *Henderson v. Henderson,* 13 Mo. 152,) and even though the grantor himself inserted the fictitious consideration, such deed will be set aside.    *Bridgman v. Green,* 2 Ves. Sr. 627 ; *Gibson v. Russell,* 2 Younge & Coll. 104 ; *Willan v. Willan,* 2 Dow  274 ; *Dent v. Bennett,* 4 Mylne & Cr. 269 ; *Huguenin v. Basely,* 14 Ves. Jr. 301 ; *Cadwallader v. West,* 48 Mo. 498.    One reason for this rule is, that without it no conveyance between relatives could ever be impeached for want of consideration.    *Willan v. Willan,* 2 Dow  274.    The main object of this rule is to provide a penalty for the opportunity afforded to the grantee to sell to innocent purchasers without notice.    *Uppington v. Bullen,* 2 Drury & Warren 187.

5.    A husband's deed to his wife is void at law, and can be supported only in equity, (*Frissell v. Rozier,* 19 Mo. 448 ; *Chouteau v. Magenis,* 28 Mo. 187, p. 191,) but equity will not support a deed of gift, reciting solely a valuable consideration, which confessedly never existed, (*Cadwallader v. West,* 48 Mo. 498 ; *Bridgman v. Green,* 2 Ves. Sr. 627,

and a deed thus supported by neither law nor equity, cannot take effect unless supported in some way; and if it can be supported at all, the burden of proof to support it is, therefore, devolved on the *femme covert* grantee.

*Chas. A. Winslow* for respondents.

1. The main question is, whether the finding of the court was right on the facts. The instructions given by the court are only material as showing the standard by which the court judged the facts. An examination of those instructions will show that the court applied the correct theory to the facts, and the judgment cannot be held erroneous on that ground. The preponderance of the evidence is with defendants. *Moore v. Moore*, 67 Mo. 192; *McKinney v. Hensley*, 74 Mo. 326; *Doggett v. Lane*, 12 Mo. 220.

2. The petition nowhere alleges that the conveyance of this land by Broadley to his wife was an unreasonable provision for her, so as to bring it within the rule invoked by appellants. The allegation is that it was made without a valuable consideration, produced by undue influence, executed under an insane delusion, and by a man lacking sufficient mental capacity. There is no evidence that it was not a reasonable provision; there was evidence tending to show that he had previously given plaintiffs all he thought they were entitled to; that they had left him years before, and that defendants took care of him in his old age and misfortunes. He had helped Mrs. Wood at an early day, and intended this deed as a provision for the defendants. The record suggests no reason why it should not be sustained in equity. *Hollocher v. Hollocher*, 62 Mo. 267; *Smith v. Smith*, 50 Mo. 262; *Walker v. Walker*, 25 Mo. 367. The burden of showing that the provision was unreasonable rested on plaintiffs. They were not dependent on the grantor for support, and have no right to complain. *Shepard v. Shepard*, 7 Johns. Ch. 57; *Hannan v. Oxley*, 23 Wis.

519; *Hunt v. Johnson*, 44 N. Y. 27; *Sims v. Rickets*, 35 Ind. 181, and cases; *Dale v. Lincoln*, 62 Ill. 22; *Jones v. Obenchain*, 10 Grat. 259; *Crooks v. Crooks*, 34 Ohio St. 610; *Horder v. Horder*, 23 Kas. 391; *Majors v. Everton*, 89 Ill. 5

3. The wife was the substantial party; the cause of action was in her, and her husband had only an interest in the result. He was not competent as a witness. *Paul v. Leavitt*, 53 Mo. 595; *Joice v. Branson*, 73 Mo. 28; *Haerle v. Kreihn*, 65 Mo. 202.

HENRY, J.—The plaintiff, Elizabeth, is the daughter of Nicholas D. Broadley, deceased, and her co-plaintiff is her husband. On the 25th day of February, 1875, said Nicholas by deed conveyed to his wife, defendant Elizabeth, all the lands he owned, about 300 acres, for the expressed consideration of $2,000, which was never paid by her, and which it was not the intention of said Nicholas that she should pay. The grantee was his second wife, and the plaintiff, Elizabeth, is the only living child of the first marriage. His second marriage occurred. in 1849, and his death in 1876. The defendant Virginia is the only child of the last marriage. The object of this suit is to set aside said deed, on the ground that Nicholas Broadley, when it was executed and delivered, was old and infirm and had not mental capacity to make the deed; that he had insane delusions that he was in immediate danger of pecuniary ruin from litigation, when there was no ground for such apprehension, and that he had previously made ample provision for the plaintiff, Elizabeth, when in fact he had given her no property and had made no provision for her whatever; that the defendant Elizabeth had acquired an undue influence over the mind and volition of her husband, and that she unduly and improperly exerted the same to procure the execution and delivery of the deed. The answer denied all the allegations of the petition charging undue influence, mental incapacity and insane delusions, and alleged, with respect to the consideration, that Nicholas

Broadley was desirous and intended to make provision for his wife, by giving to her the said land, and for that purpose, and with that intention, executed and delivered to her said deed, as a deed of gift, in consideration of love and affection, and only expressed the money consideration under an impression on his part that it was necessary in order to render the deed valid. On a trial of the cause defendants obtained a judgment, from which plaintiffs appeal.

The testimony is voluminous. Twenty-one witnesses were introduced by plaintiffs, and nineteen for the defense, and while the testimony is contradictory, we are not prepared to say that it did not warrant the finding of the trial court. Issues were submitted to the jury, and the court, by way of charge, instructed them as follows:

1. There is no sufficient evidence to prove that the deed referred to in plaintiffs' petition, was caused to be made by any undue or improper influence exercised over the mind of Nicholas D. Broadley by the defendant, or any other person; and the issue on that subject is withdrawn from the jury, and they will not consider the same in making up the verdict.

2. The issue submitted to the jury is, whether on the 25th day of February, 1875, at the time said Nicholas Broadley executed said deed, he, said Broadley, was or not of sufficient sound mind to render him capable of making said deed.

3. The jury in their verdict should state that said Broadley at the time said deed was made by him, was or was not (as the jury may determine from the evidence) of a sufficient sound mind to render him capable of making said deed.

4. There is no sufficient evidence in the case tending to prove that N. D. Broadley at the time he made the deed in question was possessed of an insane delusion that he was in danger of being ruined by litigation then pending, or by other means, and that thereby he would be deprived

of his property, and there is no sufficient evidence tending to prove that the making of said deed was caused or induced by such delusion, or delusion on any other subject, and they should not find a verdict on the issue upon any real or supposed existence of such insane delusion.

5.   If the jury find from the evidence that, before the making of said deed, said Broadley had been laboring under disease, and that from the effect of said disease, or from any other cause, his mind had been weakened to the extent that, at the time he made it, he did not understand the nature or operation of the deed, or that he had not strength of mind sufficient to enable him to determine in' his own mind what disposition he desired to make of his property, then the jury should find that he had not, at said time, sufficient strength of mind to capacitate him to make said deed, and the verdict should be for the plaintiff.

6.   The jury should give to each fact and circumstance established to their satisfaction by the evidence, such weight only as they may consider it entitled to, when taken in connection with other facts proved, and the testimony of the witnesses.

7.   If the jury find from the evidence that at the time said deed was made, said Broadley had sufficient strength of mind and memory to know what property he owned, to know the number and names of his children, and to form a determination in his own mind as to what disposition he desired to make of his said property, then the jury should find that said Broadley, at said time, was of sufficient sound mind to render him capable of making said deed, and they should find the issue for defendants.

8.   If the jury find that at the time he made said deed said Nicholas Broadley was of sufficient sound mind to capacitate him to execute the deed, he had a right under the law to convey all his property to his wife, to the exclusion of his children, and the fact that the deed executed by him has that effect does not affect their validity

9.   In arriving at a conclusion as to the existence of any fact or facts, the jury should not consider any statements of Nicholas Broadley as to such fact or facts, as evidence of the existence or non-existence of said facts; they should consider his acts and statements, as detailed by the witness, for one purpose only; that is to arrive at a conclusion as to the mental condition of said Broadley at the time such act was done or statement made or proved. In considering the opinions of any witness the jury should consider and weigh such opinions in connection with the data stated by such witness as the basis of his opinion, and to consider it.   If the jury believe the opinion of any witness is entitled to any weight, they should give it such weight only, as they may think it merits, when taken in connection with all the evidence in the cause.

10.   The burden of proving that said Broadley was not of sufficient sound mind at the time the deed was executed rests on plaintiffs, and unless the jury believe from the weight of the evidence that the said Broadley had not sufficient soundness of mind to make the deed, at the time it was executed, they should find the issue for the defendant; the condition of his mind before or after the execution of the deed is of no importance, except so far as it may throw light on the condition of his mind at the time the deed was made, and should be considered for that purpose only.

There had been a trial at a previous term, and the court then instructed the jury, that there was no sufficient evidence to prove that the execution of the deed was procured by any undue influence exercised over the mind of the grantor by his wife or other person, or that its execution was caused or induced by any insane delusion whatever; and it is evident from the charge given to the jury at the last trial that the court adhered to its conclusion, that on the issues relating to undue influence and insane delusions the preponderance of the evidence was with the defendants.

Gifts or grants of property by a husband to his wife are ordinarily void at law. "But courts of equity will uphold them in many cases where they would be held void at law." Story Eq., (11 Ed.) § 1374. In the same section the author says: "If a husband should, by deed, grant all his estate or property to his wife, the deed would be held inoperative in equity as it would be in law; for it could in no just sense be deemed a reasonable provision for her, (which is all that courts of equity hold the wife entitled to)." But in the succeeding section he says: "On the other hand, if the nature and circumstances of the gift, or grant, are such that there is no ground to suspect fraud, but it amounts only to a reasonable provision for the wife, it will be sustained in equity." There is no allegation in this petition, that although the deeds of the land and personalty embraced all of the husband's property, it was an unreasonable provision for his wife. They had lived together as husband and wife for a period of twenty-seven years. When the deed was executed he was seventy years of age, and could not reasonably have hoped to live many years more, in his feeble state of health. Whether all of his property was more than an adequate provision for his wife, and those whom he would leave dependent upon her, does not appear. It is evident that Judge Story did not mean to state that, under no circumstances would a court of equity, sustain a gift from the husband of all his property to his wife. In *Hollocher v. Hollocher*, 62 Mo. 268, the husband, by deeds, conveyed all his estate, real and personal, to a trustee for the sole use and benefit of his wife, and the suit was brought by his adult children against the trustee, the widow and the minor children, to set aside the conveyances. This court, in the opinion delivered therein, by Napton, J., said: "There might, undoubtedly, be a difference of opinion as to the wisdom of such an absolute conveyance of a man's estate to his wife, but with that the courts have no concern. Michael Hollocher had an undoubted right to do with his

1. A GIFT BY HUSBAND TO WIFE.

property as he pleased, provided he was of sound mind at the time, and not under such influence as the law forbids."

Appellants' counsel contends that the recital of only a valuable consideration estops the grantee from setting up, or availing himself of, the consideration of love and affection, in support of a deed to her, impeached for her alleged undue influence. *Henderson v. Henderson*, 13 Mo. 151; *Cadwallader v. West*, 48 Mo. 483.

For the present, waiving a decision of that question, the deed stands good, whether the consideration expressed was the real consideration or not, in the absence of evidence to establish such undue influence, or other grounds upon which it is assailed; and here the trial court, and we assume, correctly, found against plaintiffs on those issues, as also on the issue relating to the mental capacity of the grantor to make the deed. So that Mrs. Broadley had no occasion to set up any other consideration in support of the deed. If the grantor had capacity to make it, and no undue influence were exerted by any one to procure it, and he was laboring under no insane delusion that prompted it, the deed must stand, however inadequate the consideration, even if it were but nominal. Would it be contended, that a deed from a party to a stranger, expressing a consideration of $2,000, when in fact the consideration was not paid, or intended to be exacted by the grantor, which the latter, with mental capacity to make it, and under no undue influence, and not induced thereto by fraud, voluntarily executed, could be set aside either by him, or after his death, by his heirs? Does his wife occupy a more unfavorable position in this regard, than a stranger? Clearly not. If it be said that the burden was upon her to show that none of the facts relied upon by plaintiffs to impeach the deed, existed, she met her obligation in that respect; and, by a preponderance of the testimony, showed that those allegations were untrue. If undue influence or fraud was used to procure the deed, or if the grantor had not mental capacity to make it, or was prompted by an insane

delusion to execute it, it would be set aside, whether the deed was executed for a valuable consideration, or the consideration of love and affection, and the question whether the grantee could, in such case, prove any other than the consideration expressed in the deed, is, therefore, wholly immaterial, because no matter what consideration she might prove, if so obtained, it could not stand.

But that evidence was admissible to show the actual consideration for the deed, is fully established by the cases of *Hollocher v. Hollocher*, 62 Mo. 276, and *Fontaine v. Boatman's Savings Inst.*, 57 Mo. 561. In the former case, Napton, J., quoted approvingly the remarks of Judge Cowen in *McCrea v. Purmont*, 16 Wend. 465, that: "Looking at the strong and overwhelming balance of authority, as collected from the decisions of the American courts, the clause in question, even as between the immediate parties, comes down to the rank of *prima facie* evidence, except for the purpose of giving effect to the operative words of the conveyance. To that end, and that alone, it is conclusive." The case at bar is distinguishable from that of *Cadwallader v. West, supra*, in that here it was alleged in the answer, that the consideration expressed in the deed was not, but that love and affection was the real consideration. Whereas in *Cadwallader v. West*, by the answer it was alleged that the money consideration expressed in the deed was the true and only consideration, and the court gave emphasis to that fact in the opinion delivered.

*2. RECITALS IN DEED: estoppel.*

The only remaining question which we deem it necessary to notice, is that growing out of the exclusion of John Wood as a witness. We do not think that the court erred therein. In *Joice v. Branson*, 73 Mo. 28, which was a suit by husband and wife for an assault and battery committed on the wife, the court remarked that "the husband was properly joined with the wife as co-plaintiff, and this because the statute requires it. The wife, however, was the substantial party to the

*3. HUSBAND AND WIFE: witness.*

3  76

suit. * * The husband was clearly incompetent as a witness, and error was committed in permitting him to testify." In *Paul v. Leavitt*, 53 Mo. 595, the suit was on the promissory note of the wife, to enforce payment thereof out of her separate estate, and it was held that being only a nominal party, the husband was not a competent witness. So in *Haerle v. Kreihn*, 65 Mo. 202, it was held that the husband is not a competent witness, in a suit to which he and his wife are parties, unless he has a substantial interest in the controversy, or acted as her agent in the transaction which is the foundation of the suit. *Steffen v. Bauer*, 70 Mo. 405, is unlike any of the cases above cited. It was a suit to set aside a deed executed by husband and wife, conveying land, the title of which was vested in the wife, on the ground that it was not acknowledged in compliance with the law, and that she signed under compulsion of her husband. The husband was offered as a witness. The court excluded him, but this court held it error, because "he had an interest in the issue as well as his wife, since in the event of her death he would be tenant by curtesy, and also had an interest in his wife's land during coverture." It is contended by appellants' counsel that the excluded witness in the case at bar, "had a substantial interest, as a party litigating for a tenancy by the curtesy initiate," relying upon *Steffen v. Bauer, supra*. But in the latter case the husband had a vested interest in his wife's land, before the conveyance, and that interest continued if the deed was inoperative. In the case at bar, the witness Wood had never had any interest in the land in controversy. His wife was never seized of the land, and could never be until a judgment in her favor in this cause. How can it be said that he was tenant by the curtesy initiate of land of which his wife was never seized? All concurring, the judgment is affirmed.