J. G. LAKENAN AND A. C. BARNES, under firm name of LAKENAN & BARNES, Appellants, *v.* JOHN M. MCILHANEY, L. M. MCILHANEY AND MEXICO SAVINGS BANK, Respondents.

April 13, 1885.

1. HUSBAND AND WIFE — AGENCY OF HUSBAND CONCERNING WIFE'S PROPERTY.—Upon a contract made with real estate agents by the husband, concerning land in which his wife had a legal estate, but which fact was not disclosed by him to said real estate agents, by which he agreed in his own name to pay a certain compensation for the sale of said land, and sale was made accordingly, the wife is not liable in law or equity under said contract. To bind her, the agency of the husband must be shown and clearly established by evidence, and there can be no ratification of an alleged agency which never had an existence in fact.— *Rogers* v. *Bank of Pike Co.*, 69 Mo. 563.

2. MARRIED WOMAN—LEGAL ESTATE AS DISTINGUISHED FROM SEPARATE ESTATE—DISABILITIES OF COVERTURE.—The quality of the estate of a married woman in land is to be determined by the deed vesting the title. Unless she has a separate estate in the property, she is under an absolute disability to make contracts generally, nor can she appoint an agent therefor. The deed *in this case* vested in her a legal estate, pure and simple, and the whole transaction was, as to her, an absolute nullity.—*Paul* v. *Leavitt*, 53 Mo. 595; Story on Agency; *Wilcox* v. *Todd*, 64 Mo. 390.—Per Philips, P. J., in separate opinion.

APPEAL from Audrain Circuit Court, HON. ELIJAH ROBINSON, Judge.

*Affirmed.*

The facts sufficiently appear in the opinion of the court.

GEORGE ROBERTSON, for the appellants.

I. The husband was, in this case, the agent of the wife to put the land in the hands of an agent for sale. The evidence does not show that she directed him to put the land in hands of agent for sale; it shows conclusively that she assented to the sale, knowing that he had done so, ratifying his act and making it her act.

II. The money in the bank is her sole and separate

estate and may be charged with her debts in equity.—
Sects. 3295 and 3296, Rev. Stat., 1879. The conversion
of the wife's land by sale into money is an acquisition
of personal property by her means; hence the money
becomes the sole and separate property of the wife.—
*Rogers* v. *Bank of Pike Co.*, 69 Mo. 560.

III. The warranty deed to Mrs. McIlhaney should have
been admitted in evidence, for it was the first step in the
proof that this money in the bank was an acquisition of
personal property by the wife, therefore liable for her
debts. A married woman may create a charge upon her
sole and separate property, whether real or personal,
and when she contracts she does so and binds it in
equity.

IV. The deed to Mrs. McIlhaney vests in her an estate
in fee simple, and is called the wife's statutory land.—
Bish., Law of Married Women, vol. 2, sect. 282. This
estate is identical with the wife's lands *at common law*
(in equity). In this deed there is no trustee, but in such
case, by operation of law, the husband becomes trustee.—
Bishop on Law of Married Women, vol. 1, sects. 799-801.
These married women's statutes are liberally construed.

W. O. FORRIST, for the respondents.

I. A motion for new trial was filed, but the grounds of
it nowhere appear. This court will not investigate
errors.—*Anthony* v. *R. R. Co.*, 76 Mo. 19; *Alexander* v.
*Relfe*, 74 Mo. 52; *Sweet* v. *Maupin*, 65 Mo. 68.

II. The excluded deed did not tend to sustain the issue
tendered: that the female respondent owned the land
named in it as her separate estate; but its legal effect
was that she had no separate estate in the lands de-
scribed. If the deed had been admitted it could have no
effect to sustain plaintiff's claim.—*Paul* v. *Leavitt*, 53
Mo. 596; *Olney* v. *Eaton*, 66 Mo. 566; *Haskinson* v.
*Adkins*, 77 Mo. 538.

III. There is no foundation for the claim of *ratifica-
tion;* the appellants do not pretend that Mrs. McIlhaney
made any contract with them, or that she authorized any
to be made for her account. But there is no such claim

in the petition. The averment there is that *she made*
the contract. The claim of ratification is inconsistent
and cannot be allowed. She never heard of the contract
until she was sued upon it, when she repudiated it. Can
she be bound by the doctrine of ratification by contracts
made by her husband, as touching her own property,
except such ratification is shown by some writing of
hers?—*Brokerage Co.* v. *Bagnell,* 76 Mo. 554; *Capital
Bank* v. *Armstrong,* 62 Mo. 60; *Eystra* v. *Capelle,* 61
Mo. 580; *Rodgers* v. *Bank Pike Co.,* 67 Mo. 563; *Mc-
Laren* v. *Hall,* 26 Iowa 305; *Rowell* v. *Kline,* 44 Ind.
291; Bish., Mar. Wom., 2d vol., sect. 296; vol. 1, Rev.
Stat., p. —, sect. 14. By these authorities it is clear
that neither the female respondent nor her property is
bound by the contract sued on.

Opinion by HALL, J.

In this case the 2d amended petition, on which the
case was tried, avers substantially: That the plaintiffs
at the beginning of the suit were and for a long time
prior thereto had been partners in the real estate busi-
ness, under the firm name of Lakenan & Barnes; that
the defendants, McIlhaneys, were husband and wife, and
that [John M. McIlhaney was joined as a party to
conform to law. That at the times therein mentioned,
the female McIlhaney was the owner in fee simple of
certain described real estate, being her sole and separate
estate. That said female defendant on a certain day
placed said real estate in plaintiff's hands for sale, the
plaintiffs to find a purchaser for said real estate, to pre-
pare the deed for said defendant and her husband to
sign, to collect the purchase money, and if a sale should
be made for $800, that plaintiffs should deduct the sum
of $50 as their compensation from said purchase price;
the female defendant intending thereby to charge her
separate estate with the payment of said sum of $50.
That plaintiffs found a purchaser, named Green, for said
real estate at and for the said sum of $800; that said
female defendant accepted said purchaser, and in order

to cheat and defraud plaintiffs of their part of the purchase money, to wit, $50, after said sale was made, procured another than plaintiffs to draft the deed of conveyance of said real estate, and collected the whole of the purchase money from said Green. That said defendant has wholly failed to pay plaintiffs the said sum of $50. That said defendant deposited in the Mexico Savings Bank $225, a part of the said purchase money, which said sum was still in said bank. That said defendant had no other property which could be subjected to the payment of plaintiff's debt of $50, and that if said defendant should be permitted to draw from said bank the said sum of $225, the plaintiffs would be utterly remediless and without means to collect said debt, etc., etc.

The prayer of the petition was as follows:

"Wherefore plaintiffs pray that their lien on said $225 may be enforced and that they may have judgment for said sum of $50 and that said $225 may be subjected to the payment of such judgment, and plaintiffs further pray that defendant, L. M. McIlhaney, her said husband, agent, or attorneys, or assigns, be restrained from in any way drawing said sum of $225 from said bank, and that said bank, its agents and attorneys be restrained from paying out said last mentioned sum or any part thereof till plaintiffs may subject the same to the payment of their said debt, or until the matter aforesaid be adjusted according to the equitable powers of this court, and plaintiffs pray for all other and proper orders and relief."

The defendants McIlhaneys filed separate answers, which were substantially general denials, except that each answer admitted that said McIlhaneys were husband and wife.

The plaintiffs offered in evidence the following deed, which was duly acknowledged, which acknowledgment is omitted herefrom.

"Know all men by these presents, that Amanda Jane Pledge and H. L. Pledge, of the county of Audrain, in the

state of Missouri, have this day, for and in consideration of the sum of seven hundred dollars, to the said Amanda Jane Pledge in hand paid by Laura M. McIlhaney, of the county of Audrain, in the state of Missouri, granted, bargained and sold, and by these presents do grant, bargain and sell unto the said Laura M. McIlhaney, the following described tracts or parcels of land, situate in the county of Audrain, state of Missouri, that is to say: N. E. fourth of S. W. quarter section 12, township 50, range 9, containing 40 acres, more or less. To have and to hold the premises hereby conveyed, with all the rights, privileges, and appurtenances thereto belonging, or in anywise appertaining, unto the said Laura M. McIlhaney, his [her] heirs and assigns, forever: I, the said Amanda J. Pledge, hereby covenanting to and with the said Laura M. McIlhaney, his [her] heirs and assigns, for himself, his heirs, executors and administrators, to warrant and defend the title to the premises hereby conveyed against the claim of every person whatsoever.

In witness whereof, we have hereunto subscribed our names and affixed our seals, this 9th day of November, 1876.

> AMANDA J. PLEDGE, [SEAL.]
> H. L. PLEDGE,        [SEAL.]"

The defendants objected to the introduction of the deed in evidence, for the reason that the deed did not show that said forty acres of land were the separate property of the defendant, L. M. McIlhaney, which objection was by the court sustained.

A. C. Barnes, one of the plaintiffs, testified among other things: "On the day of————, 1881, John M. McIlhaney, who is the husband of L. M. McIlhaney, placed in our hands for sale the forty acres of land described, * * * and by an agreement with said John M. McIlhaney we were to sell the land for $800.00 and have $50.00 out of the proceeds of the sale for our commission. * * * That contract was made in writing and signed only by John M. McIlhaney. * * * That has been destroyed —it was burned. * * * At the time John M. McIl-

haney made the contract with us for the sale of the land we did not know that the title to the land was in his wife, L. M. McIlhaney, but found it out before the sale to Green was made.''

This is absolutely all the evidence in the record bearing upon the contract made by plaintiffs for the sale of the said land, which contract the petition avers was made by plaintiffs with Mrs. McIlhaney.

The defendants introduced no evidence. The court rendered judgment in favor of the Mexico Savings Bank and L. M. McIlhaney, and in favor of plaintiffs against John M. McIlhaney for the amount sued for.

The plaintiffs bring the case here by appeal.

In this court the plaintiffs complain of the action of the circuit court in refusing to permit them to introduce in evidence the deed above set out, and they argue at some length as to what the effect of the deed is, and as to what kind of an estate it creates in Mrs. McIlhaney in the land therein described. It is not necessary for us to consider these matters; neither is it necessary for us to consider how under the pleading in this case the circuit court could render a judgment against John M. McIlhaney, the husband.

It is enough for us to say that under the evidence in this case the circuit court could not have rendered a judgment against Mrs. McIlhaney, and that the judgment in favor of her and the Mexico Savings Bank is right.

There is not a particle of evidence in the record that John M. McIlhaney was acting, or was even pretending to act for his wife in the making of the contract in proof. But, on the contrary, the positive statement of the one plaintiff who testified is in the record to the effect that the plaintiffs made the contract in writing with John M. McIlhaney himself, and that John alone signed the contract, and that the plaintiffs at the time did not know that Mrs. McIlhaney owned the land. How the plaintiffs can claim that the contract was made with Mrs. McIlhaney we do not understand. The agency of the husband cannot be presumed but must be shown and clearly estab-

lished by evidence.—*Rogers* v. *The Bank of Pike County,* 69 Mo. 563. In this case there is not only no evidence of such agency, but all the evidence tends to show that there was no agency. As to the claim of a ratification by Mrs. McIlhaney, made by plaintiffs, it is sufficient to say that there is no evidence whatever in support of their claim.

The judgment of the circuit court is affirmed. All concur.

PHILIPS, P. J., files separate concurring opinion.

I concur in the result of the foregoing opinion, the more especially, because the *feme covert,* Mrs. McIlhaney, who is admitted to be the owner of the land in question, had no separate estate therein. The quality of her estate in the land is to be determined by the deed vesting the title. The deed offered in evidence vested in her a legal estate, pure and simple.—*Paul* v. *Leavitt,* 53 Mo. 595-598.

Having no separate estate in the property she was under an absolute disability, as a *feme covert,* to make the contract set up in the petition. Nor could she appoint an agent therefor. The whole transaction, as to her, was an absolute nullity.—Story on Agency; *Wilcox* v. *Todd,* 64 Mo. 390; *Hall* v. *Callahan,* 66 Mo. 324; 3 Barb, 510.