Woodsworth v. Tanner.

## WOODSWORTH v. TANNER, *Appellant.*

1. Practice in Supreme Court: EQUITY: PRESUMPTION. In an equity case, where the evidence is not preserved in the record, the Supreme Court will, on a general finding for the plaintiff, assume that all the matters stated in the petition were duly proved.

2. Practice: EQUITY: LEGAL RELIEF. A court of equity can grant equitable relief by divesting title, and may then award a writ for possession. Its powers are adequate to do full and complete justice in such cases, and resort to an action of ejectment will not be required.

3. ———: ———: HUSBAND AND WIFE. Courts of equity often uphold deeds from the husband directly to the wife, and, if need be, will treat him as a trustee. And where the husband bought land with the separate means of the wife and deeded the same to her, the conveyance will be upheld against purchasers with notice of her rights.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

Woodsworth v. Tanner.

*C. J. Bower* for appellant.

"Where there are different causes of action united in the same petition, each cause must be separately and distinctly stated." R. S., sec. 3512. This objection to the petition was sufficiently presented by the demurrer, which should have been sustained. Nor can legal and equitable causes be joined in the same count, but may be stated in separate counts. *Henderson v. Dickey*, 50 Mo. 161. "But where causes of action are thus united they must be separately stated, with the relief sought for in each cause of action, in such manner that they may be intelligibly distinguished. * * * But they should be separately stated and intelligibly distinguished, for they require separate trials and separate judgments." *Henderson v. Dickey, supra; Jones v. Moore*, 42 Mo. 413, explaining *Peyton v. Rose*, 41 Mo. 257. "Their joinder in the same count would be fatally defective." *Henderson v. Dickey, supra*. They must be tried separately. R. S., 1879, sec. 3603. "It seems to be settled now, in the construction of this section of the practice act, that where a count at law and a count in equity are included in the same petition, they require separate trials and separate judgments. This conclusion is inevitable if such joinder is allowed." *Crowe, Adm'r, v. Peters*, 63 Mo. 435; *Jones v. Moore, supra; Henderson v. Dickey, supra*. But so much of plaintiff's petition as sought to remove cloud from title by the cancellation of deeds could not be maintained in any event, because she was not in possession, and had not been since October, 1886. Possession in such case is the *sine qua non* of the right to sue. "One having the legal title and being out of possession, and defendants being in possession, cannot invoke equitable jurisdiction to remove a cloud from such title." *Thompson v. Newberry*, 93 Mo. 18, citing, *Keane v. Kyne*, 66 Mo. 216;

*Clark v. Ins. Co.*, 52 Mo. 272. The reason of the rule is, when one is himself in possession, he cannot resort to a court of law to try the title, and, therefore, must needs come into a court of equity. 1 Story Eq. [11 Ed.] sec. 711*a*. Plaintiff in her pleading asserts both a legal and an equitable title to the lands; legal under the deed of her husband, equitable by reason of the trust impressed upon the purchase from the board of education with her separate means. In such case she could have asserted her rights in an action of ejectment and would not be permitted to resort to equity. "One who holds both the legal and equitable title can assert his rights in an action of ejectment. He will not be permitted to resort to equity." *Odle v. Odle*, 73 Mo. 289.

*Henry Smith* for respondent.

(1) H. D. Woodsworth, in taking the deed in his own name on purchase of the property for plaintiff with her money, became trustee in a resulting trust in favor of plaintiff. *Payne v. Twyman*, 68 Mo. 339. (2) The suit in this case is upon these facts and seeks to have established and declared this resulting trust, as originally created by the act of the husband in taking deed to himself. Plaintiff has not legal title and cannot maintain an ejectment suit. (3) The fact that Woodsworth made the deed to plaintiff afterwards does not change the rights of plaintiff or destroy her right to have the original transaction and conveyance to him impressed with the trust by a decree of court. His deed to her was void at law; was at most only an acknowledgment of an equity in her—not divesting himself of the legal title—making himself a trustee over the land. 2 Story's Eq. Jur., secs. 1367, 1368, 1369, 1372, 1373, 1374, 1375, 1380; 1 Black. Com. 442; 2 Bright on Husband and Wife, 29; 1 Minor's Institutes, 294; *Wood v. Broadley*, 76 Mo. 23; *Morrison v. Thistle*, 67 Mo. 596; *Chapman v. McIlwrath*, 77 Mo. 38; *Lane v. Ewing*,

31 Mo. 75. (4) Jurisdiction of a court of equity was not ousted by the execution of the deed by Woodsworth to his wife. The court of equity would receive it in support of plaintiff's claim to impress the transaction with a trust and to strike down the entire title conveyed to Woodsworth—that in his lifetime passed to defendant, Tanner—with notice of plaintiff's equity. *Harrington v. Utterback*, 57 Mo. 519 ; 1 Story Eq. Jur., secs. 64*i*, 80 ; 2 Wash. Real Prop. [4 Ed.] 484–515, side pages 177–201 ; *Filman v. Divens*, 31 Pa. St. 429 ; *Stewart v. Chadwick*, 8 Iowa, 463 ; *Major p. Buckley*, 51 Mo. 227. (5) The remedy at law, if any there be, is inadequate, and not so full and complete as in equity. For even if plaintiff were now in possession, she has no deed, only one void at law, so that the sale by the sheriff of her husband's title and the deed to Tanner, "even if invalid to a mind of legal acuteness," casts upon her title a cloud that equity would interpose and remove. *Bank v. Evans*, 51 Mo. 335 ; *Clark v. Ins. Co.*, 52 Mo. 272 ; *Vogler v. Montgomery*, 54 Mo. 577 ; *Harrington v. Utterback*, 57 Mo. 519.

BLACK, J.—This was a suit in equity. The record as presented to us is strangely defective. As the evidence is not preserved, we assume, on the general finding for the plaintiff, that all of the matters stated in the petition were duly proved. The facts, as shown by the abstract, are these : The plaintiff, through her agent and husband, H. D. Woodsworth, contracted with the board of education for the purchase of a described acre of land. The plaintiff, from her separate means, furnished the consideration, two hundred and fifty dollars, used in payment of the property. Before the board of education made a deed, H. D. Woodsworth conveyed the property directly to his wife, the plaintiff. Thereafter the board of education, by its deed, conveyed the land to H. D. Woodsworth. The plaintiff leased the prop-

erty to the defendant, Tanner. Subsequently, and after the above-mentioned deeds had been duly recorded, several judgments were obtained before a justice of the peace against H. D. Woodsworth, under which the property was sold as the property of H. D. Woodsworth, and Trumbull became the purchaser; and thereafter he made a quit-claim deed to defendant, who, as tenant of plaintiff, had attorned to Trumbull.

The court made a decree, not preserved in the record; and it seems, when the motions for new trial and in arrest came on for hearing, the court, of its own motion, made an amended decree, treated the motions as applying to it, and then ,verruled them. This decree divests the defendant of all title acquired by the Trumbull deed and invests the same in the plaintiff, and is followed by an order to the sheriff to dispossess defendant and put plaintiff in possession of the property.

1. The points made, and for the first time, by the motions in arrest and for new trial, are, that the petition contains two causes of action in one count, one legal and the other equitable; that the petition is in effect a suit in equity to recover possession of real estate. The appellant has misconceived the scope of the decree, which is within the prayer of the bill. It awards equitable relief by divesting defendant of the title, and then awards restitution of the premises. For some time after the case of *Peyton v. Rose*, 41 Mo. 257, it was erroneously supposed that a court of equity could not, as an incident to equitable relief, award a writ for the possession to which the party became entitled by virtue of the decree, but that he must resort to an action of ejectment. In the subsequent case of *Henderson v. Dickey*, 50 Mo. 161, where the petition prayed for the correction of a deed and for possession of the land, it was held that when the plaintiffs obtained their decree for title and showed they were entitled to the

possession, a writ for possession should have been awarded. When the suit is for some purpose within the equitable jurisdiction of the court, and that relief is granted, and possession is incidental to such relief, the court may go on and award a writ for the possession. Having jurisdiction for one purpose, it will give full and complete relief, even to the extent of decreeing possession, and will enforce that branch of the decree. Pom. Eq. Jur., sec. 177. In all chancery cases the court may give any relief which is consistent with the pleadings; and a judgment for possession may properly follow the ascertainment of a party's title. *Baker v. City of St. Louis*, 7 Mo. App. 429, approved by this court in 75 Mo. 671. In all such cases, a separate count at law is wholly useless. The court of equity does not need the assistance of a court of law in these cases. Its powers are adequate to do full and complete justice.

2. By the common law, a man could not grant a thing to his wife or enter into covenant with her, because of the legal unity. 1 Black Com. 442; *Frissell v. Rozier*, 19 Mo. 448; *Chouteau v. Maginn*, 28 Mo. 191; *Wood v. Broadley*, 76 Mo. 31. It cannot be said that this principle of the common law has been entirely abrogated by recent legislation, at least so far as conveyances of real estate are concerned. But courts of equity often uphold deeds from the husband to the wife, and if need be, treat him as a trustee. *Wood v. Broadley, supra*. The plaintiff, from her own means, furnished the consideration for the purchase of the property. She had, and has, a right to a title which will be as good in a court of law as in a court of equity. The deeds upon record were a sufficient notice to the defendant of her equitable rights, and he stands in no better position in a court of equity than would H. D. Woodsworth, if alive and asserting a claim to the property. It was entirely proper for the circuit court to

divest defendant of any legal title which he held; and having done that, the order for possession, as we have seen, followed as a part of the relief to which plaintiff was entitled.

Affirmed. All concur, except Ray, J., absent.