WILLIAM L. TUCKER et al., Respondents, v. OLLIE LINDLEY, Appellant.

Springfield Court of Appeals, November 6, 1911.

1. WITNESSES: Husband and Wife: Interest of Wife. In an action for damages for fraud and deceit brought by the husband and wife, it appeared that the husband owned forty acres of land which he traded to defendant for an eighty acre tract, and directed that the deed to the eighty acres be made to his wife. The defendant fraudulently described in the deed to the wife a different and inferior tract of one hundred and twenty acres. *Held*, that the wife was a competent witness because of her interest in the subject-matter of the litigation.

2. ——: ——: ——: Agency of Wife. Where a wife has no substantial interest in the result of a law suit, but is merely a nominal party, then she is incompetent to testify in the absence of a showing that she had acted as agent for her husband in relation to the matter about which she proposed to testify.

Appeal from Oregon Circuit Court.—*Hon. Wm. N. Evans*, Judge.

AFFIRMED.

*Geo. M. Miley* for appellant.

(1) In a suit by husband and wife, if either is but a nominal party, such nominal party can testify

only in case he or she is the agent of the other in the transaction.    Haerle v. Kreihn, 65 Mo. 202.    (2)    A wife is not a competent witness to prove what was said in a conversation between her husband and another nor to prove any fact done in connection with such conversation and which might be explained thereby. Holman v. Bachus, 73 Mo. 49; McFaddin v. Catron, 120 Mo. 252; Brown v. Patterson, 224 Mo. 655.    (3) It is a well settled general rule that in the absence of any special relation involving trust and confidence or of other exceptional circumstances, fraud cannot be presumed but must be clearly proved by the party alleging the same.    1 Am. and Eng. Ann. Cases, 809.

*E. P. Dorris* and *Green & Wayland* for respondents.

(1)    If the wife is a party to the suit and has a real interest in the subject which would be affected by the judgment, then she is a competent witness, by the terms of section 4652, R. S. 1899, (now sec. 6354, R. S. 1909), whether her husband is joined as a party with her or not.    But although she may be the real owner of the property in controversy, if she be not a party to the suit and is not bound by the judgment, she is not a competent witness in behalf of her husband. Layson v. Cooper, 174 Mo. 223; Dunifer v. Jecko, 87 Mo. 285; Stefen v. Bauer, 70 Mo. 399; Wood v. Bradley, 76 Mo. 33; Bell v. Railroad, 86 Mo. 606; O'Brien v. Allen, 95 Mo. 73; Roberts v. Bartlett, 190 Mo. 703. (2)    The credibility of witnesses and the weight to be given to evidence is for the determination of the trial court and jury and that determination is conclusive on appeal.    Gregory v. Chambers, 78 Mo. 294; Lalor v. McDonald's Admr., 44 Mo. App. 439; Polhans v. Railroad, 45 Mo. App. 153; Hurst v. Scammon, 63 Mo. App. 634; Saetelle v. Ins. Co., 81 Mo. App. 509; Love v. Ins. Co., 92 Mo. App. 192; Golden v. Tyler, 180 Mo. 196; State v. Murphy, 46 Mo. 347; Gibson v.

Tucker v. Lindley.

Railroad, 8 Mo. App. 488; Walker v. Owens, 25 Mo. App. 587; Merriman v. Railroad, 27 Mo. App. 435; Tower v. Pauley, 76 Mo. App. 287; Clark v. Shrimski, 77 Mo. App. 166.

COX, J.—Action for damages for fraud and deceit. Judgment for plaintiffs and defendant has appealed. There was a trial and substantial evidence for both plaintiffs and defendant.

The facts in this case from plaintiffs' point of view are as follows: Plaintiffs are husband and wife. William L. Tucker was the owner of a little home, consisting of forty acres of land in Oregon county, on which the plaintiffs lived. Plaintiff William agreed with defendant to exchange this forty acres for eighty acres owned by defendant. During the negotiations the defendant tried to trade 120 acres in another part of the county but plaintiff refused to consider that and refused to go look at it but did go look at the eighty acres and finally they agreed to exchange. William Tucker directed that the deed to the eighty acres be made to his wife, Sarah Tucker. Plaintiffs deeded the forty acres to defendant and supposed they received a deed from defendant to Sarah Tucker for the eighty acres. William, who transacted the business, was old and could scarcely read at all and knew nothing about the legal description of land. The deed was handed to him and he immediately handed it back to be sent to the recorder's office for record. Several days afterward he discovered that instead of executing a deed for the eighty acres, the defendant had described in his deed to Sarah Tucker the 120 acres. Upon making this discovery plaintiff William Tucker went to defendant and called his attention to the mistake but the defendant refused to rectify. Plaintiffs brought this suit and tendered in court a deed back to defendant for the 120 acres conveyed by him to plaintiff Sarah Tucker.

During the progress of the trial, plaintiff Sarah Tucker was permitted to testify over the objection of the defendant and this alleged error is the substantial complaint here.

The contention of defendant is that as the title to the forty acres conveyed by plaintiffs to defendant was in William Tucker, his wife, Sarah Tucker, had no substantial interest in the suit, and, being only a nominal party, was disqualified as a witness in behalf of her husband because she was his wife and there was no showing that she had acted as agent for her husband.

If it be true as contended by defendant that the wife had no substantial interest in the result of this suit but was merely a nominal party, then she was incompetent to testify in the case in the absence of a showing that she had acted as agent for her husband in relation to the matter about which she proposed to testify. [Wood v. Broadly, 76 Mo. 23; Haerle v. Kreihn, 65 Mo. 202.]

If she was a competent witness in this case it must have been by reason of the fact that she was a party in interest.   Did she have any interest, in a legal sense, in the litigation?

The title to the forty acres, traded by plaintiffs, was in her husband but he directed the deed to the land conveyed by defendant to be made to her and it was so made.   When this deed was delivered it conveyed the legal title to the 120 acres described therein to her and had she seen fit to do so she could have affirmed the trade and retained this land even against the objection of her husband.   Upon discovery of the fraud, there were two remedies for damages open. They could rescind, as they did, tender back the property received and sue for the total damage or they could retain the land received and sue for the difference. By tendering back the conveyance of the 120 acres which is of some value and which at the time was her property, had she elected to retain it, the way was

opened for the recovery of a larger judgment than would have been possible had she not reconveyed the 120 acres to defendant. Certainly, then, she was interested in the judgment to be obtained to the extent of the actual value of the 120 acres.

Under the facts in this case she was a competent witness. Judgment affirmed. All concur.