————o————

WILLIAM L. GATEWOOD, *et al.*, Respondents, *vs.* SAMUEL B. HART, Appellant.

1. *Land and land titles—Conveyances—Record—Act of Feb. 2, 1847.*—The Act "to quiet vexatious land litigation," approved Feb. 2, 1847, was not designed to defeat a title regular in every particular, acquired in good faith and for a valuable consideration, but simply to make deeds which theretofore were valid between the parties, operate from and after the passage of the act as constructive notice, as though they had been correctly proved or acknowledged when recorded.

*Appeal from Montgomery Circuit Court.*

*Stuart Carkener,* for Appellant.

I. It is the settled law that a purchaser for value, without notice of a deed previously made but acknowledged before a justice of the peace of a county different from the one where the land lies, obtains the title as against such deed; also, that the record of such deed as to all purchasers prior to 1847, is

a nullity and imparts no notice. (Bishop vs. Schneider, 46 Mo., 472–479, *et seq.;* Stevens vs. Hampton, 46 Mo., 404 ; Ryan vs. Carr, 46 Mo., 483 ; Musick vs. Barney, 49 Mo., 458 ; Briggs vs. Henderson, 49 Mo., 531–536.)

II. The act of 2nd Feb. 1847 operates prospectively from its date, and was intended to settle, and not unsettle and overturn titles. (46 Mo., 492 ; 49 Mo., 441 ; Musick vs. Barney, 49 Mo., 458 ; Briggs vs. Henderson, 49 Mo., 531 ; Allen vs. Moss, 27 Mo., 359.)

*Henderson & Shields,* for Respondents.

I. The act of February 2nd, 1847, in relation to the effect of deeds recorded prior thereto, but improperly acknowledged, affects with notice all parties; or persons acquiring title thereafter absolutely ; and such alienees cannot avoid the force of such statute and shield themselves behind want of notice to their vendor. (Sess. Acts 1847, p. 95, § 8 ; Wagn. Stat., 595, § 35 ; Allen vs. Moss, 27 Mo., 354–363 ; Bishop vs. Schneider, 49 Mo., 472 ; Ryan vs. Carr, 46 Mo., 483 ; Musick vs. Barney, 49 Mo., 458 ; Henderson vs. Briggs, 49 Mo., 531 ; Digman vs. McCullom, 47 Mo., 372 ; Lemay vs. Poupenez, 35 Mo., 74–6.)

II. Unless it is affirmatively shown that alienees have acquired by *bona fide* purchase for a valuable consideration, they cannot invoke the protection of the equitable rule of want of notice to their vendor. (1 Sto. Eq., § 40, *et seq.* and note ; Bishop vs. Schneider, 46 Mo., 472 ; Aubuchon vs. Bender, 44 Mo., 560 ; Briggs vs. Henderson, 49 Mo., 531–6.)

Sherwood, Judge, delivered the opinion of the court.

Action of ejectment for the west half of the north-east quarter of section 14, in township 50, of range 6 west, situate in Montgomery County. The answer admitted possession of the land sued for, but denied the other allegations of the petition.

The cause was tried on the following agreed statement of facts: "That one Isaac V. Herrick was the patentee of the land in controversy, and in March, 1837, conveyed the land situ-

ated in Montgomery County, Missouri, along with other lands situated in Ralls, Audrain and Pike Counties, to one J. D. Fyler, by a deed acknowledged before a justice of the peace of Pike County, Missouri, and that said deed was copied on the record of deeds of Montgomery County, Missouri, prior to April, 1839; that at the April Term, 1839, of the Circuit Court of Montgomery Co., Mo., the land in controversy was sold by the sheriff of said Montgomery County, as the land of said Herrick, under a judgment rendered in an attachment suit brought against said Isaac V. Herrick, the patentee of the land; and at said sale in April, 1839, one N. G. Wilcox bought said land for a valuable consideration then paid, and received a sheriff's deed therefor in due form, which was at once placed on the record of deeds; that at the time of said purchase, said Wilcox had no actual notice of said deed from Herrick to Fyler, or of the record of the same; that said Wilcox conveyed said land, in 1859, to one W. B. Beshears, under whom the defendant claims to be the owner of the premises, and plaintiffs claim under said deed from Herrick to Fyler, acknowledged before a justice of the peace of Pike County as aforesaid, in March, 1837."

This case hinges upon the proper construction to be given to § 8 of "an act to quiet vexatious land litigation," approved February 2, 1847. And it may be remarked in the outset, that the court below tried this cause under a total misconception as to the force, effect, and operation of the section referred to, which is as follows:

"The records heretofore made by the recorder of the proper county, by copying from any deed of conveyance, deed of trust, mortgage, will or copy of a will, that has neither been proven or acknowledged, or which has been proven or acknowledged, but not according to the law in force at the time the same was done, shall, from and after the passage of this act, impart notice to all persons of the contents of such instruments, and all subsequent purchasers and mortgagees shall be deemed, in law and equity, to purchase with notice thereof."

This section, as the caption, as well as the whole scope and bearing of the act of which it forms a part, shows with conclusive clearness, was not designed to *divest*, but to *confirm* titles; not to defeat a title regular in every particular, acquired in good faith and for a valuable consideration, but simply to make the record of an instrument, already good as between the parties thereto, operate, "*from and after the passage of this act*," as constructive notice, to the same extent as though it had been correctly proven or acknowledged, when put to record, and thus prevent an unscrupulous grantor or some "prowling assignee" from taking advantage of mere technical defects; and at no time has this court, in construing this section, held views at all at variance with this idea. (Bishop vs. Schneider, 46 Mo., 472; Ryan vs. Carr, *Id.*, 483; Allen vs. Moss, 27 Mo., 354.)

But the court below went further than this, holding "that although Wilcox, in 1839, bought the land in controversy, under an execution against Herrick, for a valuable consideration, and received a deed therefor and placed the same on record at once, and that he so bought without any notice of the existence of the prior deed from Herrick to Fyler, acknowledged before a justice of the peace of Pike County, Missouri; and although said Wilcox could hold said land as against said Fyler or those claiming under him, yet, as Wilcox conveyed said land to Beshears in 1859, and after the act of the second day of February, 1847, was passed, making the record of such deed from Herrick to Fyler constructive notice to subsequent purchasers—and as defendant claims by deed from Beshears made since the deed of his (Beshear's) deed—both Beshears and defendant are in law purchasers with constructive notice of the record of said Fyler's deed, and take subject to the same, and cannot protect themselves as purchasers from Wilcox."

In other words, the astounding doctrine is gravely announced that, up to the second day of February, 1847, Wilcox had a perfect and indefeasible title to the land in controversy, and could convey the same as freely as any other owner in

fee; but *after* that period and in consequence of the operation of that statute, although his *title* remained as perfect as ever, yet the *jus disponendi*, the natural and inseparable incident of every fee, was utterly and irrevocably gone.

The legislature never intended by the act of 1847, to perpetrate such a gross injustice, coupled with such a palpable absurdity; and even had they in express terms so declared, the enactment of such a law would only have proved a *sheer legislative abortion*.

The judgment is reversed, and as it is evident that a new trial could be of no avail to the plaintiffs, their petition will be dismissed; all the judges concur.