BENJAMIN CROW, Respondent, v. WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 22, 1886.

1. NEGLIGENCE—CASE ADJUDGED.—A case where the court, after examination of the evidence in the record, refuses to take the case away from the jury, on the claim that plaintiff's negligence directly contributed to his misfortune.

2. ——— INSTRUCTIONS—DUTY OF ENGINEER.—Where, as in this case, instructions were given by the court, directing the jury, that if they believed, etc., that the servants in charge of the train "saw, or by the exercise of reasonable care, etc., could have seen the plaintiff upon its track, then, etc." *Held*, that the instruction should have been so framed as to require the jury to find that the servant of defendant *did see* plaintiff before the collision, in time to have avoided it by the exercise of due effort thereafter, these being peculiarly questions of fact for the jury to determine.

APPEAL from Chariton Circuit Court, HON. C. HAMMOND, Special Judge.

*Reversed and remanded.*

The case and fact are stated in the opinion.

GEORGE S. GROVER, for the appellant.

II.   The trial court should have directed a finding for the defendant, even on testimony of plaintiff's own

witness. *Maher v. Railroad*, 64 Mo, 267 ; *Zimmerman v. Railroad*, 71 Mo. 476 ; *Yarnall v. Railroad*, 75 Mo. 575 : *Powell v. Railroad*, 76 Mo. 80 ; *Rine v. Railroad*, 88 Mo. 395 ; *O'Donnell v. Railroad*, 7 Mo. App. 190 ; 1 Thomp. Neg. 450.

II.   The instructions given for the plaintiff were inapplicable to this case, and incorrectly declared the law.

III.   Defendant's instructions were erroneously refused.

No brief for the respondent.

PHILIPS, P. J—This is an action to recover damages from the defendant, a railroad corporation, for personal injuries consequent upon plaintiff being struck by one of defendant's locomotives. The accident occurred in the city of Chillicothe, Livingston county, on the fourth day of August, 1882. The railroad runs east and west through said city. The depot is on the south side of the track. Approaching the depot from the west the defendant road runs, for several hundred yards, parallel with the Hannibal and St. Joseph Railroad, only fifteen or more feet apart. On the day of the accident the plaintiff had stopped at the Pacific hotel in said city, on the north side of the railroad track, the defendant's track being north of that of the Hannibal and St. Joseph. The hotel was several hundred feet from the depot. The plaintiff, about four o'clock p. m., left the hotel to go to the depot to take passage on some train, to go to his home at the town of Breckinridge, situated on the Hannibal and St. Joseph Railroad. To reach the depot he had to cross both of said tracks. He could have gone from the hotel down certain streets, until arriving opposite the depot, and then crossed over. He appears to have been familiar with the depot and its surroundings ; and as the more direct way from his hotel to the depot was along the track of the defendant railroad he chose that way. As it had been raining, and the ground between the tracks was muddy and covered with water.

he walked on the track. His evidence tended to show that no train was then due on the Wabash road coming from the west; and that as he passed down the track, and a short time prior to the accident, he looked back towards the west and saw no train approaching. As he thus advanced toward the depot a train came in on the Hannibal and St. Joseph track, making considerable noise, ringing the bell and letting off steam. This, it appears, attracted plaintiff's attention. Immediately behind this train suddenly appeared a construction train on defendant's track, coming from the west also. The Hannibal and St. Joseph train had to stop just before reaching the depot to await the change of a switch, when the defendant's train passed it. The evidence tended to show that the Wabash train was running very fast, from twenty to twenty-five miles an hour. The train as it approached was in full view for two or three hundred yards. Whether on account of the noise from trains on parallel tracks, the plaintiff did not hear the approach of defendant's train, and whether the engineer gave any signal of warning except almost at the instant of collision, or whether the engineer made any special effort to avoid running on to the plaintiff, are facts not so clearly developed in the evidence, as to place them beyond question, and were peculiarly matters for the jury, The plaintiff was struck by the engine, and seriously injured. The petition imputes negligence to the defendant on the ground that the train was being run at an unusual and reckless rate of speed, and the failure of the servants to give the statutory signals of warning. It alleges that the engineer on defendant's train was racing with the Hannibal and St. Joseph train. The damages were laid at ten thousand dollars. The jury awarded the plaintiff eight hundred dollars. From this judgment the defendant has appealed.

I. We are asked to reverse this judgment, first, on the ground that the evidence shows the plaintiff's negligence directly contributed to his misfortune, and, sec-

ond, because the court erred in giving and, refusing certain instructions.

We have made a careful examination of the evidence, as preserved in the bill of exceptions, and are of opinion that we would not be justified in taking the case away from the jury. The rate of speed at which the train was running, at such a time and place, was such as might justify a jury in finding negligence in that respect. And while it is true that the plaintiff was a trespasser on defendant's track, that did not relieve defendant's servants from the legal obligation of·exercising a degree of vigilance and caution in approaching the depot commensurate with the danger to life and limb at such point, and the greater difficulty of checking the train in the emergency more likely to arise at such a point than in the country. *Rine v. Railroad*, 88 Mo. 395. The plaintiff, with his back to the west, was in full view of the engineer for several hundred feet before the colllsion. It was not an unreasonable inference for the jury to make, that the engineer saw him. If he did see the plaintiff, and continued to run down on him at the rate of twenty miles an hour, the question is a proper one for the jury to answer as·to whether the engineer put forth reasonable effort to avoid the collision. It is a most significant fact that neither the engineer nor the fireman on defendant's train testified in this case.

II.    Instructions were given by the court, directing the jury, that if they believed, etc., that the servants in charge of this train "saw, or, by the exercise of reasonable care, etc., could have seen the plaintiff upon its track," then, etc.

Objection is lodged by appellant against so much of the instruction as would permit a recovery on the ground that the engineer might have seen the plaintiff, regardless of the fact whether or not he did see him. In the recent cases of *Rine v. Railroad, supra*, and *Bell v. Railroad* (86 Mo. 599), the supreme court hold that under circumstances much allied to the facts of this case, that

negligence is not imputable to the engineer until after he actually discovers the peril of the person on the track. An examination of those cases shows that this holding was predicated of the peculiar facts presented in the evidence. I am not clear in my judgment that the facts in this case are not so distinguishable from those as to render the criticism made there inapplicable here. But to avoid any seeming conflict with the ruling of the supreme court, and yielding to what seems to us to be the spirit of its decisions as last promulgated, we feel constrained to hold that the instruction should have been so framed as to require the jury to find that the servant of defendant did see plaintiff before the collision in time to have avoided it by the exercise of due effort thereafter.

As already suggested there were facts and circumstances in evidence from which the jury might have reasonably inferred that the engineer did in fact see the situation of plaintiff prior to the collision ; and whether or not he exercised the proper care, and put forth the reasonable effort to save the plaintiff after he discovered the peril are peculiarly questions of fact for the jury to determine.

For the error contained in said instructions the judgment of the circuit court is reversed and the cause remanded. The other judges concur in the result.