23 | 495
73 | 257

SOLOMON MUSSER, Appellant, V. J. F. HARWOOD ET AL.,
Respondents.

Kansas City Court of Appeals, December 6, 1886.

1. PRACTICE — APPELLATE COURTS — POWERS OF TO RENDER FINAL
JUDGMENT.—The appellate courts of this state have the power, and
have always exercised it, to determine a case before them finally,
by simply *reversing* the judgment of the lower court. So a judg-
ment of *affirmance* by said courts is a determination that the judg-
ment of the lower court is right, and remains in full force, and is
entitled to be enforced.

2. ——— ENFORCING JUDGMENT.—The general rule is that every judicial
tribunal having jurisdiction to pronounce judgment, has authority
to award execution, and exceptions to this rule must rest upon
some clear and positive statutory limitations. There are no such
exceptions as to the appellate courts of this state.

APPEAL from Clinton Circuit Court, HON. GEORGE
W. DUNN, Judge.

*Reversed and remanded.*

Statement of case by the court.

The plaintiff in this suit was the defendant in the
case of *Robinson v. Musser*, reported in 78 Mo. 153.
In that case the plaintiff therein, in accordance with the
order of the circuit court to that effect, gave a bond, in
the usual form, with the defendants in the present case
as sureties, to secure the payment of all costs that might
be adjudged against the plaintiff in that said case. Rob-
inson had judgment in the circuit court and Musser ap-
pealed therefrom to the supreme court. In the latter
court, as shown by the reported opinion of the court, it
was held that the plaintiff had no case, and the judgment
of the circuit court was simply reversed.

Upon the opinion of the supreme court thus delivered,
the following judgment was entered in said court:

"Now at this day again come the parties aforesaid, by their respective attorneys, and the court here being now sufficiently advised of and concerning the premises, do consider and adjudge that the judgment aforesaid, in form aforesaid, by the said Ray county circuit court rendered, be reversed, annulled and for naught held and esteemed, and that the said appellant be restored to all things which he has lost by reason of said judgment. It is further considered and adjudged by the court that the said appellant recover against the said respondent his costs and charges herein expended and have therefor execution."

Afterwards this action was instituted, upon the bond given for security for the costs in the original case, againsts these defendants who were sureties on said bond, for the recovery of the costs paid by this plaintiff, which had been taxed in both the circuit and the supreme courts. The court below held that, by the judgment of the supreme court, the costs taxed in that court only had been adjudged against the plaintiff in the original case, and that the defendants here were liable as such sureties for those costs only. From a judgment accordingly entered the plaintiff has appealed to this court.

WILLIAM HENRY, for the appellant.

I. In construing judgments and other records, the whole record must be looked to and taken together. Freeman on Judgments [3 Ed.] sects. 45, 54.

II. The judgment of the supreme court in the case of *Robinson v. Musser*, was a final judgment, and was against Robinson for all costs therein. And to ascertain its effect, if doubtful, it should be construed with reference to the nature of the case to which it relates. See *Case*, 78 Mo. 153 ; *Hunt v. Hopkins*, 83 Mo. 13. To construe the judgment of that court so as to adjudge against Robinson the costs of appeal only, is to give to such judgment the effect of leaving unadjudged all the costs in the case which had accrued in the lower court, and to

impute to that court the most flagrant disregard of a plain statutory duty. Sect. 900, Rev. Stat.

III. The judgment is a *final one*—is for all costs in the case—and is proper and in accordance with a good and wholesome practice, and is justified by our practice act. Sects. 3672, 3776, 3779, Rev. Stat.; Nash's Plead. and Pract. [Rev. Ed.] 689, 690.

J. F. HARWOOD and RAMEY & BROWN, for the respondents.

I. The obligation sued on will be strictly construed, and if there is no judgment against plaintiff for the defendants' costs in the circuit court, the judgment of the lower court must be affirmed. *Nofsinger v. Hartnett*, 84 Mo. 549.

II. The judgment of the supreme court in the case of *Robinson v. Musser*, is only for the costs of that court. *Evans v. Wilder*, 5 Mo. 313. The judgment only annuls the judgment of the circuit court; it does not purport to adjudicate the rights of the parties. *Laith v. McDonald*, 7 Kan. 234; 2 Bouvier's Law Dict. 589, Title, "Reverse."

III. The question has already been adjudicated in case of the motion in the supreme court to tax the costs in the case of *Robinson v. Musser*. That court, upon said motion, refused to tax, or in any way ascertain the costs expended in the circuit court by plaintiff.

HALL, J.—It is true that the jurisdiction of the supreme court "is defined and limited by the constitution" of this state, and that such jurisdiction is appellate only, with certain well known exceptions, such as cases of *habeas corpus*, *mandamus*, *quo warranto*, *prohibition*, etc. *Vail v. Dinning*, 44 Mo. 211. But under our practice act (sect. 3776, Rev. Stat.) it is the duty of the supreme court, in appeals or writs of error, to " award a new trial, reverse or affirm the judgment or decision of

Vol. xxiii—32

the circuit court, or give such judgment as such court ·ought to have given, as to them shall seem agreeable to law." The same or similar provisions have been in force ·ever since the foundation of the state, and existed even prior thereto, under the territorial government. *Meyer v. Campbell*, 12 Mo. 607. The supreme court and the two courts of appeals have always exercised the power conferred by said provisions, and have rendered in appropriate cases such judgments as they have determined the circuit court should have rendered. *Darrier v. Darrier*, 58 Mo. 222 ; *Durkel v. Chambers*, 57 Mo. 576 ; *Bell v. Railroad*, 86 Mo. 612 (on re-hearing); *Speak v. Dry Goods Co.*, 22 Mo. App. 122. It is too late at this day to question the constitutionality of said provisions.

The supreme court had the power to reverse the judgment of the circuit court, and to render final judgment in favor of the defendant in the case of *Robinson v. Musser ;* it had the power to reverse such judgment and dismiss the petition in such case. *Gatewood v. Hart*, 58 Mo. 261 ; *Jenkins v. McCoy*, 50 Mo. 348 ; *McGee v. Laramore*, 50 Mo. 425.

A reversal of the judgment and dismissal of the petition by the supreme court would have been a final determination of the case. Did the simple reversal of the judgment, without remanding the case, have the same effect? Both modes have been indiscriminately used by all the appellate courts of this state in finally determining cases. In the cases last cited the judgments were reversed and the petitions dismissed.

But in other cases to accomplish the same end the judgments have been simply reversed and the cases not remanded. In *Bell v. Railroad* (*supra*), the court held that the plaintiff had made no case and that the defendant ought to have had judgment in the circuit court, and finally disposed of and determined the case by simply reversing the judgment. In *Walden v. Dudley* (49 Mo. 422), the court held likewise, and simply reversed the judgment. And in *Speak v. Dry Goods Co.* (*supra*), the

St. Louis court of appeals, by Thompson, J., said : "The judgment will be reversed. The plaintiff has had his day in court, has failed to make out a case or to offer any evidence in contradiction of the evidence of defendant, which is clear, consistent, and entirely probable, and which shows that plaintiff has no case. It does not, therefore, appear that the ends of justice will be served by remanding the cause. The judgment will be reversed merely. It is so ordered." We quote the above language as so clearly showing the practice in this state in this respect. It would be an endless and fruitless task to discover and cite all the cases in our reports, in which cases have been finally determined by our appellate courts by simply reversing the judgment. We are clearly of the opinion that the supreme court, by ordering simply the reversal of the judgment in the case under discussion, intended to, and did, finally determine it, as said court had the full power so to do.

The judgment actually entered was a final judgment upon the merits, and was a complete bar to another suit on the same cause of action by the plaintiff, Robinson. The judgment of a simple reversal was entered in accordance with the opinion of the court, and, as has been said, it was intended to and did have the effect stated.

By section 990, Revised Statutes, it is provided : "In all civil actions or proceedings of any kind the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." Had the judgment which was entered by the clerk of the supreme court wholly followed the opinion and order of that court, it would have adjudged against the plaintiff, Robinson, all the costs expended by the defendant, Musser, taxed in the circuit court as well as those taxed in the supreme court. And we think that the judgment entered did, in fact, do so. The words "his costs * * * herein expended," used in the judgment, in our opinion, mean the costs expended in the

case, and not those only expended in the supreme court. "Herein" refers to the case, and not to the court.

The case of *Evans v. Wilder* (5 Mo. 313), cited by counsel for the defendants, is not an authority against our construction of the judgment. The meaning of that case is made more clear by the subsequent case of *Meyer v. Campbell* (12 Mo. 607). A reading of the two cases together will show that in the former the point decided by us was not in the mind of the court or alluded to in the case.

Under our practice act, as construed in actual practice since the formation of the state, a judgment by the supreme court, affirming the judgment of the circuit court, "is not a distinct and independent judgment of recovery, which may be enforced by execution, but purely a determination on the part of that court that the judgment of the circuit court is right, and that it should, therefore, remain in full force, and that the party holding it should no longer be restrained from enforcing it by execution." The supreme court might, "no doubt, if it were desirable, * * * enter a judgment of recovery, at the same time that a judgment of affirmance is given, and if it did so * * * no execution could then issue upon the judgment of the circuit court, although an execution might issue upon the judgment of the supreme court, either from the clerk's office of that court, or of the circuit court." *Meyer v. Campbell, supra.*

In *Evans v. Wilder (supra)*, the judgment rendered by the supreme court was a judgment simply affirming the judgment of the circuit court, a judgment of recovery was not superadded, and it was, therefore, held that an execution issued on such judgment from the clerk's office of the supreme court was good only for the costs made in that court. As to everything but the costs of the supreme court, the judgment of that court was a judgment that the circuit court proceed to execute its own judgment, which was pronounced to be valid and accordir to law, and in full force.

That determination or decision of the supreme court having been duly certified to the circuit court, was to be carried into effect by an execution upon the judgment so declared to be affirmed. *Meyer v. Campbell, supra.*

Hence an execution could issue from the clerk's office of the supreme court only for the costs of that court. And in such a case the practice has continued from the time of *Evans v. Wilder*, of an execution being issued from the clerk's office of the supreme court for the costs of that court.

Such was all that was decided by *Evans v. Wilder*. It was not intimated that the supreme court did not have the power to itself enforce by execution any judgment which it might render as its own distinct and independent judgment.

On the contrary, it is provided by section 3779, Revised Statutes, that: "The supreme court, upon the determination of any cause in appeal or error, may award execution to carry the same into effect, or may remit the record, with their decision thereon, to the court from whence the cause came, and such determination shall be carried into execution by such court." These provisions, of equal age with the other provisions of our practice act already noticed, were considered and construed by the supreme court in *Meyer v. Campbell* (*supra*). And it was held that, where the judgment of the circuit court is first reversed and a judgment is then awarded by the supreme court in favor of the party for whom the circuit court had rendered judgment, an execution may issue upon such judgment from the supreme court, or upon the certified transcript of such judgment the circuit court may issue execution.

So we hold as to any distinct and independent judgment rendered by the supreme court. The general rule is "that every judicial tribunal having jurisdiction to pronounce judgment has authority to award execution." Freeman on Execution, sect. 10. "Exceptions to this rule must rest upon some clear and positive statutory

limitation." *Id.* The provisions of the statute last quoted make no such exception, but rather support the general rule.

When the record with the court's decision thereon is remitted by the supreme court to the circuit court, the clerk of the latter court has the power to issue an execution to enforce the judgment rendered by the supreme court without an order made by the circuit court directing him so to do. *Wilburn's Adm'r v. Hall,* 17 Mo. 414. The argument to the contrary by counsel for the defendants is not well made. It would seem that the clerk of the supreme court might issue an execution which the clerk of the circuit court has the power to issue.

A judgment, of course, must be certain and definite, but it need not name the amount of the costs. The taxation of the costs of the supreme court by its clerk is sufficiently certain and definite, and so, too, is the taxation of the costs of the circuit court by its clerk.

The judgment entered in the supreme court in the original case was, as to the costs, sufficiently certain and definite ; the costs taxed by the circuit court and supreme court clerks were the costs adjudged against the plaintiff in said case.

Had an execution been desired from the office of the clerk of the supreme court, a certified bill of the costs of the circuit court could have been readily furnished the clerk of the supreme court.

Otherwise, upon the record with the decision of the supreme court thereon having been remitted to the circuit court, an execution could have been issued by the clerk of the circuit court for all the costs in the case, for those of the supreme court as well as those of the circuit court. Our attention has been called to a motion made by Musser in the supreme court, at the October term thereof, 1883, to tax in the original case the costs made in the circuit court, and to an order made by the supreme court denying said motion.

Waiving the fact that said motion and the order denying it do not appear in the record of this case, and are made to appear to us by a certified copy thereof being attached to the briefs filed by counsel for the defendants, we hold that they neither constituted a former judgment as to the matter in issue in this case, nor a controlling authority upon us as a decision by the supreme court in relation to the said matter as against the views expressed herein. And for the very plain reason that if our views are correct the motion was properly denied. The motion was simply endorsed as "denied," no reasons were given for denying it. We are inclined to the belief, that the motion was denied on account of the reasons expressed in this opinion.

The circuit court should have rendered judgment in favor of the plaintiff for the costs of the circuit court paid by him which had been duly taxed.

The judgment is reversed and the cause is remanded for new trial in accordance with this opinion. All concur.