SAMUEL SPERRY, Appellant, v. JAMES HURD et al., Respondents.

Kansas City Court of Appeals, December 4, 1911.

1. COSTS: Execution: Final Disposition: Costs on Appeal. Where a case is finally disposed of in an appellate court and judgment rendered generally in such court for costs, it will include the costs of both the appellate and trial court and an execution may issue thereon from the circuit court upon a certified copy of the judgment being filed therein.

2. ———: ———: ———: Motion for New Trial: Appeal: Judgment. Where a motion for new trial is sustained and the verdict set aside, and nothing more, the case stands as though it had not been tried, and may come on for trial again on an amended pleading or on different evidence. And, in such instance, if

there is an appeal from the order granting the new trial and the order is affirmed, and judgment rendered for costs, it only includes costs of the appeal, and not those of the trial court, since there has been no final disposition of the case.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

REVERSED AND REMANDED (*with directions*).

*Hubbell Bros.* and *Fitch & Williams* for appellant.

The trial court, in granting a new trial, had no right to tax any costs against the plaintiff Sperry— and, did not tax any costs against him. The action of the trial court, in granting a new trial in the principal case, merely left the trial court costs to abide the final results of the case—and, awarded the defendants a retrial. This court simply affirmed this action of the trial court—and left the trial court costs to abide the final result of the case. Sperry v. Hurd, 130 Mo. App. 495; R. S. 1909, sec. 2024; Hurley v. Kennally, 186 Mo. 225, 228; 14 Encyc. of P. and P., 935, 936; 11 Encyc. of L. (2 Ed.), 715, 716; State v. Leidy, 115 Mo. App. 62; 11 Am. and Eng. Ency. of Law (2 Ed.), 614; 8 Encyc. of P. and P., 364, 460, 461, 466. Where the order granting a new trial is silent as to costs, the party ultimately successful will recover the costs of former trial. Den. v. Morris, 8 N. J. L. 213; 14 Ency. of P. and P., 943.

*Hewitt & Hewitt* for respondents.

ELLISON, J.—Plaintiff obtained a verdict against the defendants in the circuit court of DeKalb county, and the latter in due time filed a motion for new trial, which the court sustained. An appeal was taken from the order sustaining the motion, to this court, and this court affirmed in these words: "Now at

this day come again the parties aforesaid by their respective attorneys, and the court here being now sufficiently advised of and concerning the premises, doth consider and adjudge that the judgment aforesaid, in form aforesaid by the said circuit court of DeKalb county rendered, be in all things affirmed, and stand in full force and effect. It is further considered and adjudged by the court that the said respondent recover against the said appellant costs and charges herein expended, and have therefor execution."

A copy of this order of affirmance and judgment for costs, under the certificate of the clerk, was sent by the clerk of this court to the clerk of the circuit court of DeKalb county, who filed the same. The costs of the appeal to this court were $55.60, and the costs in the trial court were $326.80. Plaintiff paid the former and afterwards defendants had an execution issued against him on this judgment for the latter sum, and plaintiff afterwards filed his motion in the circuit court to quash the writ, which the court overruled and plaintiff thereupon appealed to this court.

The plaintiff, losing the case in this court, was liable for the costs of the appeal and, as just stated, he paid them. The only question is, did the judgment in this court cover and include the costs of the case made in the DeKalb circuit court? If this court had made a final determination of the case, we would answer yes; for our judgment for costs would have included the costs in the trial court as well as the costs of appeal. [Musser v. Harwood, 23 Mo. App. 495.] But the only thing finally determined in this court was the order of the trial court granting a new trial. When a new trial is granted, and nothing more, no judgment can be rendered on the verdict, and if no further judgment is rendered than granting a new trial, the case stands pending as if the trial had not been had. An amended pleading may be filed, if the case permits, or different evidence may

be discovered. In this case plaintiff's petition was based on the trespass statute regarding enclosures, and the trial court held that the evidence did not make a case under that statute, and granted a new trial; and this court, taking the same view, affirmed that order. But we did not say that the petition could not be amended, or that other and different evidence might not be had. In point of fact, an amended petition was filed and the case again tried, again appealed and the judgment reversed and the cause remanded. [151 Mo. App. 579.]

It seems clear that no judgment had been rendered which would authorize an execution for more than the appeal costs in this court and, as we have seen that they were paid, there was nothing left to justify an execution.

The motion to dismiss the appeal for want of compliance with the rules, is overruled. The judgment is reversed and the cause remanded with directions to quash the execution. All concur.